

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. AP-76,184

**EX PARTE JAMES BLACKSHIRE, Applicant**

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 94-51873-J IN THE CRIMINAL DISTRICT COURT NO. THREE
### FROM DALLAS COUNTY

*Per curiam. Price, J., not participating.*

### O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated sexual assault of a child and sentenced to forty years' imprisonment. He did not appeal his conviction.

Applicant contends, *inter alia*, that counsel rendered ineffective assistance at his hearing on the motion to adjudicate guilt. Specifically, the Applicant contends that counsel was ineffective when he failed to investigate the facts of this case, and failed to present evidence in mitigation of punishment.

The trial court has determined that trial counsel was ineffective in that counsel failed to conduct any independent investigation and that such ineffective representation prejudiced Applicant. We find, therefore, that Applicant is entitled to relief. The judgment of conviction in Cause No. 94-51873-J from the Criminal District Court No. Three of Dallas County is set aside and the Applicant is remanded to the Sheriff of Dallas County to answer the charges as set out in the motion to adjudicate guilt.

Applicant's grounds one and two are denied. *United States v. Ruiz*, 536 U.S. 622, 122 S.Ct. 2450, 153 L.Ed. 586 (2002). Applicant's remaining claims are dismissed. *Ex parte Torres*, 943 S.W.2d. 469 (Tex. Crim. App. 1997).

Delivered: July 1, 2009
Do Not Publish